The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>                v.<br><br>JOSEPH NILSEN,<br><br>                Defendant. | NO. CR20-151RAJ<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Nicholas W. Brown, United States Attorney for the Western District of Washington, and the undersigned Assistant United States Attorneys for said District, Defendant Joseph Nilsen and Defendant's attorney, Justine Harris, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.      **Waiver of Indictment**.  Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge(s) brought by the United States Attorney in a Superseding Information.

2.      **The Charges**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charge(s) contained in the Information:

1

2          a.      Conspiracy to Commit Violations of the Travel Act, as charged in

3  Count 1, in violation of Title 18, United States Code, Section 371.

4          b.      Conspiracy to Commit Wire Fraud, as charged in Count 2,

5  violation of Title 18, United States Code, Section 1349.

6          c.      Filing False Tax Return, as charged in Count 3, in violation of

7  Title 26, United States Code, Section 7206(1).

8          By entering pleas of guilty, Defendant hereby waives all objections to the form of

9  the charging document.  Defendant further understands that before entering any guilty

10  plea, Defendant will be placed under oath.  Any statement given by Defendant under oath

11  may be used by the United States in a prosecution for perjury or false statement.

12  Defendant further waives any objections to venue as to any charge.

13          3.      **Elements of the Offenses**.  The elements of the offenses to which

14  Defendant is pleading guilty are as follows:

15          a.      The elements of Conspiracy, in violation of Title 18, United States

16  Code, Section 371, as charged in Count 1, are as follows:

17  - First, there was an agreement between two or more persons to commit at least

18    one crime as charged in the indictment; and

19  - Second, the defendant became a member of the conspiracy knowing of at least

20    one of its objects and intending to help accomplish it; and

21  - Third, one of the members of the conspiracy performed at least one overt act

22    for the purpose of carrying out the conspiracy.

23          (1)      The elements of a Violation of the Travel Act, in violation of

24  Title 18, United States Code, Section 1952(a)(3), are as follows:

25  - First, the defendant traveled in interstate or foreign commerce or used

26    interstate or foreign wires with the intent to promote, manage, establish, or

27    carry on, or to facilitate the promotion, management, establishment, or carrying

28

Plea Agreement - 2
*United States v. Nilsen*, CR20-151RAJ

on of, Commercial Bribery, in violation of New York Penal Law § 180.03 or California Penal Code § 641.3[1];

- Second, after doing so, the defendant performed or attempted to perform Commercial Bribery;

- Third, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime.

      b.      The elements of Conspiracy to Commit Wire Fraud, as charged in Count 2, are as follows:

- First, two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit a fraud crime listed in Title 18 Chapter 63, as charged in the indictment, namely, Wire Fraud, in violation of Title 18, United States Code, Section 1343; and

- Second, the defendant knew the unlawful purpose of the plan and willfully joined in it.

---

[1] New York Penal Law § 180.03 states in pertinent part:

A person is guilty of commercial bribing in the first degree when he confers, or offers or agrees to confer, any benefit upon any employee, agent or fiduciary without the consent of the latter's employer or principal, with intent to influence his conduct in relation to his employer's or principal's affairs, and when the value of the benefit conferred or offered or agreed to be conferred exceeds one thousand dollars and causes economic harm to the employer or principal in an amount exceeding two hundred fifty dollars.

California Penal Code § 641.3 states in pertinent part:

(a)  Any employee who solicits, accepts, or agrees to accept money or any thing of value from a person other than his or her employer, other than in trust for the employer, corruptly and without the knowledge or consent of the employer, in return for using or agreeing to use his or her position for the benefit of that other person, and any person who offers or gives an employee money or any thing of value under those circumstances, is guilty of commercial bribery.

(b)  This section does not apply where the amount of money or monetary worth of the thing of value is two hundred fifty dollars ($250) or less.

Plea Agreement - 3
*United States v. Nilsen*, CR20-151RAJ

(1)     The elements of Wire Fraud, in violation of Title 18, United States Code, Section 1343, are as follows:

- First, the defendant knowingly participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts;

- Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

- Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

- Fourth, the defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

c.      The elements of Filing False Tax Return, as charged in Count 3, are as follows:

- First, the defendant signed and filed a tax return for the year [2017] that he knew contained false and incorrect information as to a material matter;

- Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

- Third, in filing the false tax return, the defendant acted willfully.

4.      **The Penalties**.  Defendant understands that the statutory penalties applicable to the offense(s) to which Defendant is pleading guilty are as follows:

a.      For the offense of Conspiracy (to Commit Violations of the Travel Act), as charged in Count 1:  A maximum term of imprisonment of up to five (5) years, a fine of up to $250,000, a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of $100.  If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Plea Agreement - 4
*United States v. Nilsen*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b.       For the offense of Conspiracy to Commit Wire Fraud, as charged in Count 2:  A maximum term of imprisonment of up to 20 years, a fine of up to $250,000, a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of $100.  If a probationary sentence is imposed, the probation period can be for up to five (5) years.

c.       For the offense of Filing False Tax Return, as charged in Count 3:  A maximum term of imprisonment of up to three (3) years, a fine of up to $100,000, a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of $100.  If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements.  Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed.  This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

Plea Agreement - 5
*United States v. Nilsen*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

5.      **Immigration Consequences**.   Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States.   Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory.   Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

6.      **Rights Waived by Pleading Guilty.**  Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a.      The right to plead not guilty and to persist in a plea of not guilty;

b.      The right to a speedy and public trial before a jury of Defendant's peers;

c.      The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d.      The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.      The right to confront and cross-examine witnesses against Defendant at trial;

f.      The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

g.      The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.      The right to appeal a finding of guilt or any pretrial rulings.

7.      **United States Sentencing Guidelines**.  Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

a.      The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.      After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.      The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

Plea Agreement - 7
*United States v. Nilsen*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2          d.      Defendant may not withdraw a guilty plea solely because of the

3  sentence imposed by the Court.

4      8.     **Ultimate Sentence**.  Defendant acknowledges that no one has promised or

5  guaranteed what sentence the Court will impose.

6      9.     **Statement of Facts**.  The parties agree on the following facts.  Defendant

7  admits Defendant is guilty of the charged offense(s):

8                                      <u>Conspiracy Counts</u>

9          For a period of time, beginning in 2016, continuing into 2020, Defendant Joseph

10  Nilsen did knowingly and willfully combine, conspire, confederate, and agree with the

   co-defendants, and others, to commit, and did commit, offenses against the United States,

11  including (1) using a facility in interstate and foreign commerce, with the intent to

12  promote, manage, establish, carry on and facilitate the promotion, management,

   establishment, and carrying on of an unlawful activity, that is, Commercial Bribery, in

13  violation of California Penal Code § 641.3 and New York Penal Law § 180.03; and

14  (2) knowingly and willfully devising and executing a scheme and artifice to defraud, and

   for obtaining money and property by means of materially false and fraudulent pretenses,

15  representations, and promises, and in executing and attempting to execute this scheme

   and artifice, to knowingly cause to be transmitted in interstate and foreign commerce, by

16  means of wire communication, certain signs, signals and sounds as further described

17  below.

18          More specifically, using interstate and foreign wires, Defendant and his associates

19  conferred bribery payments to employees of Amazon.com, Inc. and its subsidiaries

20  ("Amazon") in order to, among other things, obtain confidential property and information

   stored on Amazon's internal networks, procure other benefits and competitive advantages

21  for certain third-party merchants on the Amazon Marketplace, and at times inflict harm or

22  sabotage certain seller accounts.  Defendant did so with intent to influence the

   employees' conduct in relation to the employer's affairs and without Amazon's

23  knowledge or consent, causing economic harm to Amazon (in excess of two hundred and

24  fifty dollars, as contemplated by New York Penal Law § 180.03).  By way of example,

   Defendant engaged multiple Amazon employees, at time directly and at times through an

25  intermediary, to pay cash bribes in exchange for their misuse of their employee privileges

26  and network access to benefit external parties.  These compromised Amazon insiders

   agreed to and did accept money and payments from Defendant and others, corruptly and

27  without the knowledge or consent of the employer, in return for using and agreeing to use

   their position for the benefit of those other persons.  Part of the improper benefit involved

28  the misuse of restricted access and privileges of employment to provide third parties

---

Plea Agreement - 8
*United States v. Nilsen*, CR20-151RAJ

access to information from protected computers, all for purposes of commercial advantage and private financial gain.

Defendant and his associates engaged in such conduct for numerous third-party sellers on the Amazon Marketplace, as well as for the benefit of seller accounts he owned and operated with others. Through this scheme, Defendant intended to deceive and cheat and knowingly caused harm to Amazon, and to third-party sellers and consumers on the Amazon Marketplace, including by depriving Amazon of the exclusive use and confidentiality of its internal business information, interfering with Amazon's ability to monitor the safety and authenticity of goods sold on the Amazon Marketplace, and impairing the accuracy of information posted on the Amazon Marketplace. Through the use of bribes, unauthorized access to Amazon's internal business information, and materially false statements and representations, Defendant and his co-conspirators engaged in the following categories of conduct, among others:

- **Stealing Amazon confidential business information**: Defendant and others bribed Amazon insiders to access, copy and send them confidential information that the insiders misappropriated from Amazon's protected networks, including internal standard operating procedures (SOPs) and Wikis. The stolen files included, among other things, proprietary algorithms related to the Amazon Marketplace search engine, Amazon's product-review rankings, and the coveted "buy boxes" product listings; the criteria that Amazon considers when determining whether to suspend or reinstate accounts or product listings; Amazon's internal notes, or "annotations" (which others sometimes referred to as "fruit"), about merchant accounts and enforcement actions taken by Amazon; and, Amazon consumers' and employees' identities and contact information. Defendant and others derived substantial commercial benefits from the misappropriated information, including by sharing it within their professional networks and using it to benefit their clients.

- **Reinstating suspended third-party seller accounts and products**: Defendant and others bribed Amazon insiders to reinstate merchant accounts and product listings that Amazon had suspended for reported violations of the Marketplace's terms of use, including customer-safety concerns, counterfeiting complaints from intellectual-property holders, manipulation of product reviews, and other violations of Amazon's policies and codes of conduct. Defendant and others also prepared "plans of action" ("POAs") for third-party merchants, some of which contained materially false statements, which Amazon relied upon in making its reinstatement determinations. In some cases, Defendant further instructed third-party merchants when to file such POAs to coincide with when a complicit Amazon insider was working and could assign the fraudulent POA to him/herself for reinstatement.

Plea Agreement - 9
*United States v. Nilsen*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

• **Circumventing Amazon restrictions and limitations**:  Defendant and others bribed Amazon insiders to circumvent, waive, and/or increase Amazon-imposed limitations and fees relating to the amount of inventory that a third-party merchant utilizing the fulfilled-by-Amazon ("FBA") may store at Amazon's various warehouses and fulfillment centers, including hazmat, oversized, and long-term inventory.  Such unauthorized account modifications benefited third-party merchant by increasing sales volume and in turn prominence on the Amazon Marketplace.

• **Accessing restricted product categories or brands**:  Defendant and others bribed Amazon insiders to obtain supplier invoices provided by authorized sellers in restricted product categories, such as dietary supplements, or of restricted product brands.  Defendant and others then would alter the invoices and forged invoices to falsely represent that other third-party merchants had acquired goods from verified wholesalers or manufacturers, when in actuality, they had not.  Amazon relied on such fraudulent invoices to permit the third-party merchants to market and sell goods in restricted product categories or of restricted product brands.

• **Manipulating customer reviews**:  Defendant and others bribed Amazon insiders to provide customer purchase data for particular sellers, including those who may have submitted negative reviews.  Defendant and others also operated numerous sham Amazon buyer accounts, using fake information, to purchase goods from certain targeted merchants and submit negative reviews and customer complaints, which were intended to deceive consumers, negatively affect the merchants' sales and position on the Amazon Marketplace, and possibly compel suspensions or other enforcement actions by Amazon.  Alternatively, these sham buyer accounts were used to purchase goods from certain favored merchants and submit positive reviews, which were intended to deceive consumers and Amazon and, based on the algorithms, enhanced the merchants' position on the Amazon Marketplace.

• **Surveilling and attacking third-party merchants and product listings**:  At times, Defendant and others obtained internal Amazon information on competing third-party merchants and at times manufactured efforts to attack or sabotage certain sellers and product listings, in order to gain an unfair competitive advantage or to induce certain behavior.  Amazon insiders shared competitive intelligence about the victim sellers' businesses, products, and advertising strategies.  Attacks included review manipulation, discussed above, and "takedowns" through which Defendant and others defaced targeted merchants' product listings with replacement, and in some cases lewd and offensive, content and images, designed to drive away consumers and intimidate the victims.

Plea Agreement - 10
*United States v. Nilsen*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2   Defendant initially was introduced to Amazon insiders through an intermediary
and later directly communicated with and paid bribes to such employees both on his and
3   his clients' behalf.  Defendant and others worked directly with Amazon insiders based in
4   India, including co-defendant Nishad Kunju and others, whom they also paid in various
ways, including methods designed to conceal the source, purpose, and recipient of the
5   funds.  After being fired from Amazon, co-defendant Kunju helped Defendant and others
6   recruit and manage additional Amazon insiders to participate in the scheme, in exchange
for monetary payments.  Defendant, who at all relevant times resided in New York,
7   conveyed bribe payments to numerous recipients in foreign countries using several
8   methods, including bank wires, bulk cash, and various online payment and money
remittance services.
9

10   Defendant's conduct included use of interstate and foreign wires, including those
affecting the Western District of Washington, to carry on and promote the scheme.
11   Defendant further agrees that, for the purposes of sentencing, the total amount of bribes
12   paid to Amazon employees by or through him exceeded $100,000.

13                                        Tax Count
14   Defendant also actively evaded reporting income and properly paying taxes to the
15   Internal Revenue Service (IRS).  In various communications, Defendant and other
members of the scheme discussed their intent and efforts to conceal income and avoid the
16   payment of taxes.  For example, for tax years 2018 and 2019, Defendant failed to file
17   federal tax returns and pay taxes for himself or for his company, Digital Checkmate LLC,
despite significant reportable taxable income, including monies earned from the conduct
18   discussed above.
19

20   For the tax year 2017, on about September 17, 2018, Defendant willfully filed a
false Form 1120S – U.S. Income Tax Return for an S Corporation for his company
21   Digital Checkmate LLC.  Under penalty of perjury, Defendant reported 2017 gross
22   receipts (Form 1120s, Line 1) for Digital Checkmate LLC of $96,963 while he
knowingly had gross receipts of at least approximately $226,882 – which will flow
23   through to Defendant's personal return Form 1040 U.S. Individual Income Tax Return.
24   The reported gross receipts corresponded to the Form 1099-MISC Miscellaneous Income
issued to Digital Checkmate by "Company A", while receipts from at least four other
25   entities or individuals were omitted.  Defendant agrees, for the purposes of this plea and
26   sentencing, that the impact of the gross receipts from the flow through to the personal
return would cause an estimated additional tax due and owing of approximately $44,178.
27

28   The parties agree that the Court may consider additional facts contained in the
Presentence Report (subject to standard objections by the parties) and/or that may be

Plea Agreement - 11
*United States v. Nilsen*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10.   **Sentencing Factors**.  The parties understand that the Court will determine the Sentencing Guidelines computation and the advisory sentencing range at the time of sentencing.  The parties agree they are free to present arguments regarding the applicability of provisions of the United States Sentencing Guidelines.  Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11.   **Acceptance of Responsibility.**  At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12.   **Interdependence of Plea Agreements**.  Defendant acknowledges that the United States has conditioned its willingness to enter into this Plea Agreement on the Court's acceptance of the guilty plea and Plea Agreement by Kristen Leccese, in No. CR20-151RAJ.  As a result, if either Defendant or Defendant Leccese fails to enter into, and plead guilty pursuant to the terms of, the respective Plea Agreements, or if either Defendant or Defendant Leccese later seeks to withdraw the resulting guilty pleas, the United States may, at its election, withdraw from either or both Plea Agreements.  If the United States chooses to withdraw from this Plea Agreement under these circumstances, Defendant understands that the United States will seek an Indictment against both parties for all crimes for which the United States has sufficient evidence.

Plea Agreement - 12
*United States v. Nilsen*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

13.   **Recommendation Regarding Imprisonment**.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term no greater than the advisory Sentencing Guidelines range, as calculated by the Court at the times of sentencing

Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendations of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law.  Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court.  Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

14.   **Restitution.**  Defendant agrees that the Court may order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this plea agreement, Defendant agrees that, to the extent authorized by law, restitution in this case should not be limited to the offense(s) of conviction.  Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty plea(s) to include those losses resulting from crimes not charged or admitted by Defendant in the Statement of Facts.  In exchange for the promises by the United States contained in this plea agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

a.   The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible.  If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and

immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that the defendant is unable to make immediate restitution.

b.      Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.  Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution.  Defendant's cooperation obligations are:  (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including  tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. §  3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview or deposition regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview or deposition; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

c.      The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether

Plea Agreement - 14
*United States v. Nilsen*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2   Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).  In

3   addition, in any event, the government will consider Defendant's cooperation regarding

4   restitution in making its sentencing recommendation.

5          15.    **Forfeiture of Assets**.  Defendant understands that the Court may order

6   forfeiture of certain assets as part of the sentence imposed in this case, to the extent

7   permitted by law.  Defendant agrees to forfeit to the United States upon the entry of a

8   Preliminary Order of Forfeiture Defendant's right, title, and interest in any and all

9   property, real or personal, that was used or intended to be used to commit or to facilitate

10  the commission of Conspiracy to Commit Violations of the Travel Act, as charged in

11  Count 1, in violation of Title 18, United States Code, Section 371, as well as any

12  property, real or personal, constituting or derived from, any proceeds that such person

13  obtained, directly or indirectly, as a result of such violation. This property is subject to

14  forfeiture pursuant to and Title 18, United States Code, Section 981(a)(1)(C), by way of

15  Title 28, United States Code, Section 2461(c), and includes, but is not limited to a sum of

16  money in an amount to be determined at the time of sentencing, representing the proceeds

17  Defendant personally obtained, directly or indirectly, as a result of his commission of the

18  offense charged in Count 1 of the Information.

19         Defendant agrees to forfeit to the United States immediately Defendant's right,

20  title, and interest in any and all property which constitutes or is derived from proceeds

21  traceable to his violation of Conspiracy to Commit Wire Fraud, as charged in Count 2, in

22  violation of Title 18, United States Code, Section 1349. This property is subject to

23  forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title

24  28, United States Code, Section 2461(c), and includes, but is not limited to a sum of

25  money in an amount to be determined at the time of sentencing, representing the proceeds

26  Defendant personally obtained, directly or indirectly, as a result of his commission of the

27  offense charged in Count 2 of the Information.

28         Defendant agrees to fully assist the United States in the forfeiture of the above-

described property and to take whatever steps are necessary to pass clear title to the

Plea Agreement - 15
*United States v. Nilsen*, CR20-151RAJ

United States, including but not limited to: surrendering title and executing any documents necessary to effectuate such forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim, or to assist any third party with filing a claim, to any of the above-described property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated.

The United States reserves its right to proceed against any remaining assets not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if said assets constitute or are derived from proceeds of, or were used or intended to be used to facilitate, the offense set forth in Counts 1 or 2.

16.     **Abandonment of Electronic Devices, Electronic Files, and Contraband**. Defendant also agrees that, if any federal law enforcement agency seized any electronic devices or illegal contraband that was in Defendant's direct or indirect control, Defendant abandons any interest in such devices or contraband and consents to the federal administrative disposition, official use, and/or destruction of such devices or contraband (and/or the deletion of data stored on such devices), including but not limited to, the devices identified in Attachment A to this Agreement, as well as any contraband or non-contraband files contained on such devices.

17.     **Tax Loss Amount**. The United States and Defendant stipulate and agree that the correct amount of tax loss for purposes of sentencing is $44,178, or thereabouts. Defendant understands that this Plea Agreement does not preclude the Internal Revenue Service from assessing and determining any additional civil tax, penalties, and/or interest that may be owed by Defendant. In addition, Defendant understands that Defendant is required to pay costs of prosecution.

18.     **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to

Plea Agreement - 16
*United States v. Nilsen*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and to move to dismiss remaining counts against Defendant pending in this District at the time of sentencing.  In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement.  Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

19.    **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence.  Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement.  Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file

Plea Agreement - 17
*United States v. Nilsen*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2   additional charges against Defendant or to seek a sentence that takes such conduct into

3   consideration by requesting the Court to apply additional adjustments or enhancements in

4   its Sentencing Guidelines calculations in order to increase the applicable advisory

5   Guidelines range, and/or by seeking an upward departure or variance from the calculated

6   advisory Guidelines range.  Under these circumstances, the United States is free to seek

7   such adjustments, enhancements, departures, and/or variances even if otherwise

8   precluded by the terms of the Plea Agreement.

9        20.    **Waiver of Appellate Rights and Rights to Collateral Attacks.**

10   Defendant acknowledges that, by entering the guilty plea(s) required by this plea

11   agreement, Defendant waives all rights to appeal from Defendant's conviction, and any

12   pretrial rulings of the Court, and any rulings of the Court made prior to entry of the

13   judgment of conviction.  Defendant further agrees that, provided the Court imposes a

14   custodial sentence that is within or below the Sentencing Guidelines range (or the

15   statutory mandatory minimum, if greater than the Guidelines range) as determined by the

16   Court at the time of sentencing, Defendant waives to the full extent of the law:

17        a.    Any right conferred by Title 18, United States Code, Section 3742,

18   to challenge, on direct appeal, the sentence imposed by the Court, including any fine,

19   restitution order, probation or supervised release conditions, or forfeiture order (if

20   applicable); and

21        b.    Any right to bring a collateral attack against the conviction and

22   sentence, including any restitution order imposed, except as it may relate to the

23   effectiveness of legal representation.

24        This waiver does not preclude Defendant from bringing an appropriate motion

25   pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or

26   the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

27        If Defendant breaches this Plea Agreement at any time by appealing or collaterally

28   attacking (except as to effectiveness of legal representation) the conviction or sentence in

     any way, the United States may prosecute Defendant for any counts, including those with

Plea Agreement - 18
*United States v. Nilsen*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

21. **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

22. **Statute of Limitations**.  In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//

//

Plea Agreement - 19
*United States v. Nilsen*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2      23.    **Completeness of Agreement**.  The United States and Defendant

3  acknowledge that these terms constitute the entire Plea Agreement between the parties,

4  except as may be set forth on the record at the change of plea hearing in this matter.  This

5  Agreement binds only the United States Attorney's Office for the Western District of

6  Washington.  It does not bind any other United States Attorney's Office or any other

7  office or agency of the United States, or any state or local prosecutor.

8      Dated this 16<u>th</u> day of May, 2022.

9

10  _____

11  JOSEPH NILSEN
   Defendant
12

13  _____

14  JUSTINE HARRIS, *pro hac vice*

15  Attorney for Defendant

16

17  _____

18  STEVEN MASADA
   NICHOLAS MANHEIM
19  Assistant United States Attorneys

20

21

22

23

24

25

26

27

28

Plea Agreement - 20
*United States v. Nilsen*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## ATTACHMENT A

1. One iPhone IMEI 359296062506713
2. One Silver Macbook Pro S/N C02C31LJMD6N
3. Five Portable Storage Devices
   a. Western Digital My Passport Ultra (S/N WX11D79FHZ21)
   b. Seagate Backup Plus Portable Drive (S/N NA96WZGB) 2TB
   c. Samsung T5 Portable SSD (S/N S4B0NV0M603154F) 1TB
   d. Samsung T5 Portable SSD (S/N S49WNV0M323063W) 500GB
   e. SanDisk SD Card 1GB"
4. One Lenovo Yoga Laptop S/N MP1CLL78
5. One Asus Laptop
6. Apple iMac Grey/Blk S/N C02RF2GGGG77
7. Apple iMac Grey/Blk S/N C02BWAMKHX87
8. One Black Phone w/ Label 415-568-0297 w/ Blk Battery Tracphone
9. One Samsung USB 1286-3.0
10. One Black Phone Model 5041C IMEI 015163001094761 w/ Blk battery
11. Three Audio Recorders
    a. Zoom H5 Handy Recorder
    b. Sony ICD-PX333 Recorder
    c. Osmo Pocker Recorder (S/N 0W7DG8G0131014)"
12. Samsung Cellphone IMEI 359265100045455
13. Two Samsung Portable Storage Devices
    a. S/N S4B0NV0M302711X
    b. S/N S4B0NV0K907395K"
14. Black iPhone w/ 2 Cameras and Black Rubber Case
15. Samsung Cellphone IMEI 352067105624319
16. Tracfone Cellphone IMEI 015293005169531
17. Space Grey Apple iPad with model A1876 and S/N DXZLBCAK7RG

Plea Agreement, Attachment A - 1
*United States v. Nilsen*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18. Samsung Cellphone HEX: 35293809476230

19. Black Samsung Portable SSD T5 with hand written label "can't touch this"

20. Black Staples 16GB Thumbdrive with White Section Visible

21. Black Sony Recorder with Numbers 1111434 on Back of Device

22. Black My Passport External Storage Device with S/N Not Visible

23. Black My Passport External Storage Device with S/N WXJ1AC805F7K

24. Blue External Storage Device with Partially Visible S/N WXE1A58K

25. Samsung Galaxy S10 in Clear Case

26. Apple iPhone in Light Green and Gold Case

27. Apple iPhone in Black Otterbox Case

28. One Silver Macbook Pro S/N C02SGJ12G8WP

29. Six (6) Portable Storage Devices

   a. 1-Mophie Power Boost

   b. 1-Lexar USB 3.0 Thumb Drive

   c. 1-SanDisk Cruzer Glide 32GB USB Thumb Drive

   d. 1-Verbatim 16GB USB Thumb Drive

   e. 1-Samsung T5 Portable Solid State Drive (SSD) 500GB (S/N S3UJNV0K417162R)

   f. 1-Western Digital My Passport SSD 512GB (S/N 185011443301)"

30. One Sony Portable Recording Device

31. One iPhone 11 Pro Max w/ Pink Case

32. One iPhone XS Max w/ Floral Case

33. One Asus Q536F Notebook PC FCC ID: MSQP56002 w/ Charger

34. One Thinkpad Laptop S/N PF-16KFAX w/ Charger

Plea Agreement, Attachment A - 2
*United States v. Nilsen*, CR20-151RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970